[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13387
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-02421-CV-RWS-1

MANOUCH SHAHBAZ,

Plaintiff-Appellant-
Cross Appellee,

versus

AFC ENTERPRISES, INC.,

Defendant-Appellee-
Cross Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(December 14, 2006)**

Before WILSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

Manouch Shahbaz appeals the district court's grant of summary judgment to AFC Enterprises, Inc. (AFC). Shahbaz also appeals the district court's award of attorney's fees to AFC. AFC cross-appeals, arguing that its motion for Rule 11 sanctions was improperly denied by the district court.

The district court granted AFC summary judgment on Shahbaz's claims that AFC breached the development agreement between the parties by failing to provide him with proper site development assistance with regard to location of a Popeye's restaurant at a Highway 249 location and that AFC defrauded Shahbaz with respect to the possibility that Shahbaz could open a Popeye's restaurant at the Eldridge Location. Shahbaz concedes that he did not provide AFC with a site approval request (SAR) for the Highway 249 location. We find no error in the district court's conclusion that, because Shahbaz did not submit an SAR, AFC had no obligation under the development agreement to provide the site development assistance that Shahbaz complains was lacking. Neither do we find error in the district court's determination that Shahbaz's fraud claim was barred by the statute of limitations. Shahbaz presented no evidence in the district court to rebut AFC's motion for summary judgment on this basis.

Finally, we find no reversible error in the district court's award of attorney's fees to AFC. The development agreement provides that Shahbaz will pay AFC

2

"reasonable attorney's fees incurred by [AFC] in connection with any litigation relating to any aspect of" the development agreement. (Development Agreement, 11.04.) A review of the complaint and the summary judgment papers filed by Shahbaz demonstrates that all of the claims he asserted were confused and intertwined throughout the litigation and that each of them could be reasonably construed as "litigation relating to any aspect of" the development agreement.

On the cross-appeal, we find that the district court did not abuse its discretion in refusing to award Rule 11 sanctions.

AFFIRMED.